# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN CAROL PERRY-DILLARD,

    Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:14-CV-2025-CMK

MEMORANDUM OPINION AND ORDER

        Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's cross-motion for summary judgment (Doc. 20).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on July 11, 2011, and July 20, 2011. In the applications, plaintiff claims that disability began on December 10, 2010. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on December 18, 2013, before Administrative Law Judge ("ALJ") Sally C. Reason. In a February 5, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): fibromyalgia, history of cerebral vascular accident ("stroke"), degenerative disc disease of the spine, panic attacks, and history of methamphetamine abuse;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work, except she must avoid jobs requiring more than frequent communication as a result of residuals from her stroke;

4. Considering the claimant's age, education, work experience, residual functional capacity, the claimant is capable of performing her past relevant work as an office helper.

After the Appeals Council declined review on July 3, 2014, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ failed to articulate sufficient reasons for rejecting her testimony as not credible. The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

///

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

/ / /

/ / /

/ / /

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

> As to plaintiff's testimony and credibility, the ALJ outlined the following:
>
> The claimant alleges she is unable to work due to back and joint pain, and panic attacks. She is a 64-year-old, divorced female who lives in an apartment with a roommate she takes care of. . . .
>
>         \* \* \*
>
> The claimant completed a Function Report on August 9, 2011. She reported assisting her roommate with anything she needs help with during the day, including making meals and keeping up with daily needs of the apartment. The claimant said she goes outside daily, is able to go outside alone, operates a motor vehicle, shops in stores for basic household needs, pays bills, counts change, and is able to handle both checking and savings accounts. She reported socializing with her roommate including watching

> television together, going out for meals weekly, and attending baseball games or playing bingo at the church once in a while. The claimant stated she is able to walk 10 to 15 min. after which she must rest 5 min. She noted she finishes what she starts. The claimant is able to follow written instructions but stated oral ones must be repeated. She said she does not handle stress well or changes in routine. Exhibit B5E at 5-6.

The ALJ also noted a third-party statement:

> The claimant's client, Susan Berryhill, completed a Third Party Function Report on September 11, 2011. She reported the claimant performed normal everyday things throughout the day. The claimant had no problems with personal care. Exhibit B7E at 1-2. Ms. Berryhill stated the claimant prepares meals daily, does cleaning regularly, and laundry once a week. She said the claimant is able to go out alone. Ms. Berryhill reported the claimant goes outside daily, drives, and shops for groceries and household goods. Id. at 3-4. In contrast to what the claimant stated, her client stated that the claimant follows both written and oral instructions well. Id. at 5-7.

In finding that plaintiff's allegations are not entirely credible, the ALJ provided the following rationale:

> The claimant's treatment records and activities of daily living belie her allegations of total disability. Although the claimant was diagnosed with fibromyalgia, she was directed by rheumatologist, Dr. Wilson, to engage in regular aerobic exercise, including pool therapy with stretching. Exhibit B16F at 6. Despite the claimant's complaints, she was not referred to physical therapy for her back or neck complaints. This would call into question the severity of her symptoms. The claimant reported to Dr. Cardones that she engaged in water aerobics twice a week and stated she was asymptomatic on February 21, 2013. The claimant also performed vigorous walking 30 to 60 min. daily, four to five times a week. Dr. Cardones reported that her exercise was shown to greatly reduce the pain associated with fibromyalgia. Exhibit B13F at 6 and 12. Although the claimant had been diagnosed with fibromyalgia, she reported the onset of symptoms 20 years ago, which means she was able to work for many years with it prior to reaching retirement age. Exhibit B16F at 1. The claimant had also reported experiencing depression since she was a teenager, but also was able to work in spite of it. Moreover, in addition to caring for herself, she is able to satisfactorily care for an elderly, disabled client entailing considerable physical activity. Despite the claimant's complaints of chronic and intractable pain throughout her body, she was not referred to a pain clinic or prescribed a strong regimen of narcotic-based pain medication ordinarily prescribed for severe and unremitting pain.

///

> The claimant has not had a consistent history of prior employment on a full-time basis, calling into question her motivation to work. Exhibit B6E.  There are other inconsistencies in the record that cast doubt on the claimant's credibility.  She had complained of panic attacks weekly, lasting several hours while also reporting panic attacks occurring daily and lasting for only 20 min.  Exhibits B6F at 6 and B8F at 2.  The claimant's depression/anxiety appears to be caused by situational stress due to her living situation as she expressed.  However, this situational stress is transient and could be alleviated.  In fact, the claimant reported that she was moving in with her sister, which could result in significant improvement of the claimant's mental complaints.  The evidence further shows the claimant's mental impairments to have significantly improved with proper adjustment of her antidepressant/anti-anxiety medications.  Dr. Tong reported the claimant had an improving response to medical treatment and that she had only minimal impairment of mental activities such as understanding and memory, sustained concentration or persistence, social interaction and adaptation.  Exhibit B13F at 40.  Consultative Board Certified psychiatrist, Dr. Nicholson, reported on October 12, 2011, that the claimant's condition was expected to improve within 12 months of treatment, which the evidence showed it had.  Exhibit B8F at 5.

According to plaintiff, the ALJ's hearing decision merely "sets forth the oft rejected boilerplate language numerous courts have rejected as boilerplate."  Plaintiff further argues: "It also appears that the ALJ simply rejects Ms. Perry-Dillard's testimony based on a belief that the testimony is not credible because it lacks support in the objective medical evidence."

Contrary to plaintiff's assertion, the ALJ did not reject her testimony as not credible "simply" because her complaints of totally disabling symptoms are unsupported by the objective medical evidence.  In addition to noting that plaintiff's subjective complaints are belied by a medical history consisting of conservative treatment for pain as well as absence of any referral for physical therapy, the ALJ cited plaintiff's extensive activities of daily living and inconsistencies in plaintiff's complaints relating to panic attacks and ability to follow instructions.

/ / /

/ / /

Specifically with respect to daily activities, though she claims to be totally disabled due to pain, plaintiff is able to care for her roommate, who is elderly and herself disabled. Additionally, as the ALJ noted, plaintiff is able to shop and run her household. She also drives and socializes. As the ALJ also reported, plaintiff regularly engages in water aerobics and vigorous walking. Given these activities, the ALJ properly discounted the credibility of plaintiff's subjective complaints. Moreover, the record demonstrates various inconsistencies in plaintiff's testimony. For example, while plaintiff testified that she could not follow oral instructions well, Ms. Berryhill reported no such problems. Further, while plaintiff at one point reported that she suffered weekly panic attacks each lasting several hours, she also testified that she suffered short panic attacks daily.

The court finds that, in addition to noting the objective evidence, the ALJ permissibly discounted plaintiff's credibility based on other factors such as inconsistent statements, third-party statements, daily activities, and a history of treatment inconsistent with debilitating pain.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 17) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 20) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 15, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE